UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL PAUL DUNCAN, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | No. 16-1098-JDT-egb |
| VS. | ) | Crim. No. 03-10059-JDT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Darryl Paul Duncan. For the reasons stated below, the Court DENIES the § 2255 motion.

On July 21, 2003, a federal grand jury returned an indictment charging Duncan with one count of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). Duncan entered a guilty plea on June 7, 2004. At a hearing on September 15, 2004, he was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to a 188-month term of imprisonment. The Court also imposed a three-year term of supervised release. Duncan did not file a direct appeal.

Duncan filed a motion pursuant to 28 U.S.C. § 2255 on September 15, 2005, contending that he was entitled to re-sentencing after the decision in *United States v.*

*Booker*, 543 U.S. 220 (2005), holding that the United States Sentencing Guidelines were advisory only. The Court denied the motion on the ground that the decision in *Booker* was not retroactive, and the denial was affirmed on appeal. *Duncan v. United States*, No. 05-1265-JDT-sta, 2005 WL 3071793 (W.D. Tenn. Nov. 9, 2005), *aff'd*, 552 F.3d 442 (6th Cir. 2009).[1]

Duncan filed the present motion pursuant to 28 U.S.C. § 2255 on May 12, 2016, challenging his ACCA-enhanced sentence as unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual definition of "violent felony" in the ACCA, 18 U.S.C. § 924(e)(2)(B)(2). However, Duncan did not seek leave to file a second or successive § 2255 motion in the Sixth Circuit Court of Appeals, as required by § 2255(h). Ordinarily, the Court would transfer this case to the Sixth Circuit for such authorization. However, the Bureau of Prisons Inmate Locator[2] shows that Duncan was released from prison on February 17, 2017; therefore he is serving his term of supervised release. Duncan has not provided the Court with a current address.

A § 2255 movant who is serving a term of supervised release satisfies the statute's "in custody" requirement. *See United States v. Sferrazza*, 645 F. App'x 399, 404-05 (6th

---

[1] On October 14, 2008, the Court denied also Duncan's *pro se* motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 599 to the United States Sentencing Guidelines. (ECF No. 53.) Duncan appealed, and the Sixth Circuit affirmed. *United States v. Duncan*, No. 08-6441 (6th Cir. Oct. 23, 2009).

[2] *See* https://bop.gov/inmateloc/.

Cir. 2016); *see also Hampton v. United States*, 191 F.3d 695, 697 (6th Cir. 1999) (§ 2255 motion filed while the movant was in custody does not necessarily become moot if the sentence fully expires while the § 2255 proceeding is pending). However, Duncan has challenged only his term of imprisonment and not his conviction itself. Therefore, unless he can show there are continuing adverse consequence from the completed sentence, no meaningful relief can be granted to him and there is no live case or controversy under Article III to be adjudicated. *See United States v. Perotti*, 702 F. App'x 322, 323-24 (6th Cir. 2017) (released movant who challenged only the length of his custodial sentence appealed ruling on § 2255 motion; Court of Appeals held the appeal of the § 2255 motion was moot because movant could point to no continuing adverse consequences from the completed part of his sentence); *see also Lane v. Williams*, 455 U.S. 624, 630-31 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."). Duncan appears to have abandoned this case and, therefore, has made no attempt to show any such continuing adverse consequences.

For the foregoing reason, the Court concludes that Duncan is not entitled to relief in this § 2255 proceeding. Therefore, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

The issue raised in this § 2255 motion is not debatable for the reason stated. Therefore, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court instead of the district court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Duncan would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Duncan files a notice of appeal, he must also pay

the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

    The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                    s/ **James D. Todd**
                                                    JAMES D. TODD
                                                    UNITED STATES DISTRICT JUDGE